LAW OFFICE OF ERIC HONIG
Eric Honig - CA Bar No. 140765
P.O. Box 10327
Marina del Rey, CA 90295
erichonig@aol.com
Telephone:  (310) 699-8051
Fax:  (310) 943-2220

Christopher J. Duncan (Bar No. 209631)
Stein Shostak Shostak Pollack & O'Hara
Attorneys for Plaintiff
445 South Figueroa Street, Suite 2388
Los Angeles, California 90071
Telephone: (213) 630-8888
Fax: (213) 630-8890
E-Mail: cduncan@steinshostak.com

Attorneys for Plaintiff
Letex Apparels Co., LTD

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LETEX APPARELS CO., LIMITED | Case No. CV |
| Plaintiff, | |
| v. | COMPLAINT |
| UNITED STATES OF AMERICA, U.S. CUSTOMS AND BORDER PROTECTION, and JOHN DOE U.S. CUSTOMS AND BORDER PROTECTION OFFICERS AND OTHER EMPLOYEES 1-10, *in their official and/or individual capacities,* | (FTCA; *Bivens*, APA, FRCP 41(g))  Demand for Jury Trial |
| Defendants. | |

## I.

## INTRODUCTION

1.     This is a civil action against the United States, U.S. Customs and Border Protection ("CBP"), and CBP officers and other employees of the United States (collectively, "Defendants") pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, and *Bivens v. Six Unknown Named Agents of the Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971), for their unlawful actions during the course of the seizure, forfeiture, and destruction of Plaintiff's imported 26,016 garments, which CBP appraised to be valued at $460,743.36.

## II.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1346(b)(1) and 1331 because Plaintiffs' claims arise under the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 1346 & 2671-80 and the Fourth Amendment to the United States Constitution, the Administrative Procedures Act ("APA"), 5 U.S.C. §701 *et seq*, and Federal Rule of Criminal Procedure 41(g). Plaintiff filed an administrative tort claim with Defendants, which was denied on November 22, 2024.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim all transpired in the State of California, within the Central District of California, and pursuant to 28 U.S.C. § 1346(b)(1) because this is a civil action against the United States for loss of property arising out of conduct of one or more United States' employees.

## III.

## PARTIES

4.      Plaintiff Letex Apparels Co., Limited is a Hong Kong trading company doing business in the United States and which owns the imported 26,016 garments, which CBP appraised to be valued $460,743.36.

5.      Defendant the United States is the proper party for actions taken by CBP, a constituent agency of the Department of Homeland Security.

6.      Defendant CBP is a federal agency charged with enforcing U.S. customs laws.

7.      Defendants John Doe, CBP officers and other, unnamed employees 1-10 are employees of CBP acting in their official and/or individual capacities.

**IV.**

**FACTS**

8.     On or about February 28, 2023, CBP officers at the Los Angeles/Long Beach Seaport detained 26,016 garments in Entry No. 9DX-2300001-7 owned by Plaintiff, which CBP appraised to be valued $460,743.36.

9.     On April 14, 2023, Plaintiff's counsel notified CBP that Plaintiff has an ownership interest in the garments, advised CBP it that it is a prospective claimant if  CBP seizes the garments, and requested that CBP send any seizure notice to its counsel if the garments are seized.

10.     On April 25, 2023, Plaintiff's counsel again notified CBP that Plaintiff has an ownership interest in the detained garments, advised CBP that Plaintiff is a prospective claimant if CBP seizes the garments, and requested that CBP send any seizure notice to its counsel if the garments are seized.

11.     On July 31, 2023, CBP seized Plaintiff's 26,016 garments.

12.     Following CBP's seizure of Plaintiff's 26,016 garments, CBP did not send Plaintiff or Plaintiff's counsel a notice of seizure.

13.     On August 22, 2023, notwithstanding that Plaintiff did not receive a seizure notice or other notification of the seizure, Plaintiff timely filed a petition with CBP for remission of the seizure and forfeiture, contesting the seizure of the Plaintiff's 26,016 garments and requesting return of Plaintiff's garments.

14.    CBP did not issue a decision on Plaintiff's petition for remission.

15.    On a date unknown, CBP administratively forfeited Plaintiff's 26,016 garments.

16.    Plaintiff believes that on a date unknown, CBP may have destroyed Plaintiff's 26,016 garments.

## FIRST CAUSE OF ACTION

(Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 based on negligence; against all Defendants)

17.    Plaintiff repeats and incorporates paragraphs 1-16 by reference as though stated fully herein.

18.    Defendants had a duty to exercise due care in the seizure, and/or forfeiture of Plaintiff's 26,016 garments.

19.    Defendants failed to meet this standard of care by negligently seizing and, on information and belief, destroying Plaintiff's 26,016 garments without first notifying Plaintiff of the seizure and forfeiture of the garments and/or issuing a decision on Plaintiff's petition for remission.

20.    As a result of Defendant's negligence, Plaintiff suffered a total loss of its 26,016 garments, which CBP appraised to be valued $460,743.36.

## SECOND CAUSE OF ACTION

(Violation of Fourth Amendment Rights/*Bivens*; against Individual Defendants John Does 1-10)

4

21. Plaintiff repeats and incorporates paragraphs 1-16 by reference as though stated fully herein.

22. Plaintiff has and had a constitutionally protected right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures by government officers, including the permanent seizure of Plaintiff's 26,016 garments.

23. The individual Defendant John Doe CBP officers and other CBP employees 1-10 violated Plaintiff's rights under the Fourth Amendment to the United States Constitution by forfeiting and, on information and belief, destroying (permanently seizing) Plaintiff's 26,016 garments contrary to law.

24. As a result of violation of Plaintiff's Fourth Amendment rights by Defendant John Doe CBP officers and other CBP employees 1-10, Plaintiff suffered a total loss of its 26,016 garments, which CBP appraised to be valued at $460,743.36.

## THIRD CAUSE OF ACTION

(Administrative Procedures Act, 5 U.S.C. §701 *et seq.,*
against defendant United States)

25.    Plaintiff herein incorporates by reference the acts and omissions described in Paragraphs 1-16, above.

26.     Because of the above-mentioned acts and omissions, Defendants have violated the Fourth and Fifth Amendment rights of Plaintiffs, and the rights of all other persons similarly situated, in that Defendants acted and/or failed to act in their official capacity and/or under legal authority, by improperly seizing and forfeiting Plaintiff's property without sufficient notice pursuant to 19 U.S. Code §1607.

27.     Because of these afore-mentioned acts, and pursuant to the Administrative Procedures Act, 5 U.S.C. §701 *et seq.*, through which the Defendants have acted to conduct the above-referenced illegal seizure, forfeiture and/or destruction of Plaintiff's property, Defendants should be ordered to return Plaintiff's property or the value thereof forthwith.

### FOURTH CAUSE OF ACTION

(Fed. Rule of Crim. P. 41(g).; against
defendant United States)

28.     Plaintiff herein incorporates by reference the acts and omissions described in Paragraphs 1-16, above.

29.     When property held by the government is not needed for evidentiary purposes, the party from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property.  The government must justify its continued

possession of the property by demonstrating that it is contraband or subject to forfeiture. *United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008).

30.     Defendants are obligated to return Plaintiff's property whether under statutory or due process standards. After the property was detained/seized by CBP, 1) Defendants failed to serve any notice of forfeiture proceedings; 2) neither Plaintiff nor its counsel have otherwise been served with notice of the initiation of any administrative or judicial forfeiture proceedings against the property; and 3) the property has not been returned to Plaintiff. Defendants have no justification for the delay and, accordingly, the property should be ordered returned to Plaintiff forthwith pursuant to Fed. R. Crim. P. 41(g).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment for Plaintiff ordering Defendants to return Plaintiff's property to Plaintiff forthwith;

b.     Alternatively, order Defendants to pay Plaintiff $460,743.36 in compensatory damages, plus interest; and

c.     Order Defendants to pay Plaintiff costs, attorney's fees, and other such relief as this court deems equitable and just.

DATED:  May 17, 2025          Respectfully submitted.

LAW OFFICE OF ERIC HONIG
STEIN SHOSTAK POLLACK & O'HARA


By:     //s// Christopher J. Duncan
Christopher J. Duncan
Attorneys for Plaintiff
Letex Apparels Co., LTD


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action for which it is entitled to a jury trial.

DATED:  May 17, 2025          Respectfully submitted.

LAW OFFICE OF ERIC HONIG
STEIN SHOSTAK POLLACK & O'HARA


By:     //s// Christopher J. Duncan
Christopher J. Duncan
Attorneys for Plaintiff
Letex Apparels Co., LTD